UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 6: 06-034-DCR |
| Plaintiff/Respondent, ) | and |
| ) | Civil Action No. 6: 14-7357-DCR |
| V. ) | |
| ) | |
| GEORGE EDWARD PATRICK, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant George Edward Patrick has moved the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Record No. 81] Patrick contends that, under the Supreme Court's recent decision in *Descamps v. United States*, 131 S. Ct. 2267 (2013), he should not have been found to have been an Armed Career Criminal at the time his sentence was imposed. Having reviewed the file of this proceeding, the Court concludes that the requested relief is untimely. Further, the holding in *Descamps* has no retroactive effect. As a result, Patrick's motion will be denied.

On May 25, 2006, Patrick was charged with being a convicted felon in possession of a firearm, ammunition, and body armor in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and (e)(1), and § 931(a), together with various drug possession and distribution offenses under 21 U.S.C. §§ 841(a)(1), 844(a). [Record No. 16] The government also sought forfeiture of multiple firearms, ammunition, and vehicles, as well as $12,959.00 under 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461, and 21 U.S.C. § 853. [*Id.*]

-1-

Patrick ultimately entered a guilty plea to being a convicted felon in possession of a firearm. In exchange for various concessions outlined in a written Plea Agreement, the government moved to dismiss the remaining counts. [Record No. 71] At sentencing, the Court determined that Patrick had three qualifying felony convictions and was subject to the provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924(c)(1)(A). [Record No. 73] He was subsequently sentenced to a 199-month term of imprisonment, followed by five-years of supervised release. [*Id.*] Patrick did not appeal his conviction or sentence to the United States Court of Appeals for the Sixth Circuit. However, over seven years later, he filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 81]

In seeking relief under 28 U.S.C. § 2255, a defendant may assert that the sentence was imposed in violation of the Constitution or federal law, that the court lacked jurisdiction, that his or her sentence exceeded the maximum penalty authorized by law, or that the sentence is otherwise subject to collateral attack. *Id.* To prevail on a claim of constitutional error, a defendant must establish an error of constitutional magnitude which had a substantial and injurious effect or impact on the proceedings. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citations omitted). Additionally, to prevail on a claim of non-constitutional error, the defendant must show a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Id.* (citations omitted).

Because Patrick is not represented by an attorney, the Court evaluates his motion under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Thus, at this stage of the proceedings, Patrick's factual allegations are

accepted as true and his legal claims are liberally construed in his favor. However, the Court may deny a defendant's § 2255 motion without an evidentiary hearing if the record "conclusively shows that the [defendant] is entitled to no relief." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). Inasmuch as the record of this matter conclusively establishes that Patrick's § 2255 motion is time-barred by the one-year statute of limitations period of § 2255(f) and that statutory tolling of the limitations period is not appropriate, his motion will be denied.

Patrick filed his § 2255 motion on June 30, 2014. Though this motion, he argues that the Court erred in determining that he had three predicate convictions necessary to increase his sentence under § 924(e). More specifically, he asserts that his prior convictions for burglary, assault, and rape do not qualify as violent felonies under the ACCA and that he has no prior convictions for serious drug offenses. As a result, he contends that his sentencing enhancement under the ACCA was in error. Patrick relies upon the Supreme Court's recent decision in *Descamps v. United States*, ___ U.S. ___, 133 S.Ct. 2276 (2013), in support of his position.[1]

It is not necessary to reach the merit (or lack of merit) of Partick's claim because his motion is time-barred by the one-year statute of limitations. Under the Anti–Terrorism and

---

1  In *Descamps*, the Supreme Court examined whether a state-law burglary conviction was a "violent felony" within the meaning of the ACCA. *Descamps*, 133 S. Ct. at 2282. The Court held that, when determining whether a prior conviction qualifies as a predicate offense under the ACCA, sentencing courts may not apply the "modified categorical approach" when the crime of which the defendant was convicted has a single, indivisible set of elements. *Id.* at 2282-83 (describing the differences of the "categorical approach" and the "modified categorical approach"). The Court clarified that a sentencing court "may use the modified approach only to determine which alternative element in a divisible statute formed the basis of the defendant's conviction." 133 S.Ct. at 2293.

Effective Death Penalty Act of 1996 ("AEDPA"), federal prisoners must file any § 2255 motion to vacate within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, § 2255(f)(1) applies. Patrick was sentenced on March 19, 2007, and the Judgment was entered the following day. [Record Nos. 70, 73] Therefore, his § 2255 motion was required to be filed within one year from the date his conviction became final.

Patrick's argument that § 2255(f)(1) does not apply is unavailing. [*See* Record No. 81-2, p. 1.] Patrick attempts to invoke § 2255(f)(3), arguing that *Descamps* created a new rule of law and applies retroactively to cases on collateral review. However, this argument is incorrect. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive."). There is no indication in *Descamps* that the Supreme Court intended for its ruling to be applied retroactively to cases on collateral review. *See Wilson v. Holland,* No. 6: 13-164-DCR, 2014 U.S. Dist. LEXIS 16277, at *9-10 (*Descamps* has not been made retroactive to cases on collateral review); *Hoskins v. Coakley*, No. 4: 13 CV 1632, 2014 U.S. Dist. LEXIS 7671, at *8-14 (N.D. Ohio Jan. 22, 2014)

(*Descamps* does not apply retroactively); *Shelton v. United States*, No. 1:13-cv-340, 2014 U.S. Dist. LEXIS 14009, at * 7-9 (E.D. Tenn. Feb. 5, 2014) ("In the absence of any Supreme Court or Sixth Circuit decision concluding that *Descamps* is retroactively applicable to cases on collateral review, the Court declines to find that any rule that may have been established in this case constitutes a new right which applies retroactively to this § 2255 motion."); *Jenkins v. United States*, No. 1:08-CR-209-CC-JSA-1, 2014 WL 2918677, at *3 (N.D. Ga. June 26, 2014) (*Descamps* does not apply retroactively and is not grounds for invoking § 2255(f)(3)); *Lee v. United States,* 2014 U.S. Dist. LEXIS 54053, 6 (N.D. Iowa Apr. 18, 2014) (same); *Roscoe v. United States*, Nos. 2:11–CR–37–JHH–RRA, 2:13–CV–8006–JHH, 2013 WL 5636686, at * 11 (N.D. Ala. Oct.16, 2013) ("The Supreme Court has unequivocally stated that 'a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive.' The Supreme Court has not declared its decision in *Descamps* to be retroactively available on collateral review, nor has the court found any cases applying *Descamps* retroactively to cases on collateral review. Therefore, the court refuses to do so here."). Therefore, Patrick's § 2255 motion is subject to the one-year limitations period of § 2255(f)(1) and is time-barred. Partick cannot establish any viable grounds for equitable tolling.

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). When the denial of a motion filed under § 2255 is based on the merits, the defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when the denial is based on a procedural ruling, the defendant must show

that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* Under this standard, a Certificate of Appealability will not be issued. Patrick cannot show that jurists of reason would find the Court's procedural or substantive conclusions debatable or wrong. Likewise, he cannot demonstrate that jurists of reason would find the Court's determination that *Descamps* should not be applied retroactively to be debatable.

Based on the foregoing reasoning and analysis, it is hereby

**ORDERED** as follows:

1. Defendant George Edward Patrick's petition to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 [Record No. 81] is **DENIED**. A separate Judgment shall issue this date.

2. A Certificate of Appealability shall not issue.

This 2nd day of July, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge